IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

NAEEM AHMAD,

        Plaintiff,                         No. CIV S-09-520 GEB KJM PS

        vs.

WORLD SAVINGS BANK, et al.,

        Defendants.                    FINDINGS AND RECOMMENDATIONS

/

        Plaintiff has moved for a temporary restraining order. The purpose in issuing a temporary restraining order is to preserve the status quo pending a fuller hearing. The cases contain limited discussion of the standards for issuing a temporary restraining order due to the fact that very few such orders can be appealed prior to the hearing on a preliminary injunction. It is apparent, however, that requests for temporary restraining orders that are ex parte and without notice are governed by the same general standards that govern the issuance of a preliminary injunction. See New Motor Vehicle Bd. v. Orrin W. Fox Co., 434 U.S. 1345, 1347 n.2 (1977) (Rehnquist, J.); Century Time Ltd. v. Interchron Ltd., 729 F. Supp. 366, 368 (S.D.N.Y. 1990).

        The legal principles applicable to a request for preliminary injunctive relief are well established. "The traditional equitable criteria for granting preliminary injunctive relief are (1) a strong likelihood of success on the merits, (2) the possibility of irreparable injury to plaintiff

1  if the preliminary relief is not granted, (3) a balance of hardships favoring the plaintiff, and
2  (4) advancement of the public interest (in certain cases)." <u>Dollar Rent A Car v. Travelers Indem.</u>
3  <u>Co.</u>, 774 F.2d 1371, 1374 (9th Cir. 1985). The criteria traditionally are treated as alternative
4  tests. "Alternatively, a court may issue a preliminary injunction if the moving party demonstrates
5  '<u>either</u> a combination of probable success on the merits and the possibility of irreparable injury <u>or</u>
6  that serious questions are raised and the balance of hardships tips sharply in his favor.'" <u>Martin</u>
7  <u>v. International Olympic Comm.</u>, 740 F.2d 670, 675 (9th Cir. 1984) (quoting <u>William Inglis &</u>
8  <u>Sons Baking Co. v. ITT Continental Baking Co.</u>, 526 F.2d 86, 88 (9th Cir. 1975) (emphasis in
9  original)). The Ninth Circuit has reiterated that under either formulation of the principles, if the
10 probability of success on the merits is low, preliminary injunctive relief should be denied:

> <u>Martin</u> explicitly teaches that "[u]nder this last part of the alternative test, even if the balance of hardships tips decidedly in favor of the moving party, it must be shown as an irreducible minimum that there is a fair chance of success on the merits."

14 <u>Johnson v. California State Bd. of Accountancy</u>, 72 F.3d 1427, 1430 (9th Cir. 1995) (quoting
15 <u>Martin</u>, 740 F.2d at 675).

16  Plaintiff alleges seven causes of action, all but two of which are state law claims.
17 The transaction underlying all of plaintiff's claims is a promissory note and deed of trust, which
18 was effected for the purchase of plaintiff's home. Complaint, ¶ 11. The loan closed on or about
19 September 29, 2004. Complaint, ¶ 11 & Ex. A. This action was filed February 23, 2009.

20  It appears that plaintiff's state law claims are preempted under the Home Owners
21 Loan Act ("HOLA"), 12 U.S.C. § 1461 <u>et seq</u>. Defendant is a federal savings bank and thus
22 subject to regulation by the Office of Thrift Supervision ("OTS"). The OTS, under the authority
23 of HOLA, has promulgated regulations that occupy the entire field for regulation of federal
24 savings associations. See <u>Silvas v. E*Trade Mortg. Corp.</u>, 514 F.3d 1001, 1005 (9th Cir. 2008);
25 see also <u>Bank of America v. City and County of San Francisco</u>, 309 F.3d 551, 560-61 (9th Cir.
26 2002). Plaintiff's state law claims are expressly preempted by the regulations because all of the

claims challenge disclosures, processing, origination, servicing fees, prepayment penalties, security property, terms of credit, and repayments. See 12 C.F.R. § 560.2(a) & (b)(4), (5), (7), (9), (10), (11). Even if not preempted, the state law claims are barred by the applicable statutes of limitations. See Cal. Code Civ. Proc. §§ 340, 337, 338.

Plaintiff's federal claim for rescission under the Truth in Lending Act cannot lie in that plaintiff expressly alleges the loan was a purchase money loan and that kind of loan is excluded from the rescission provisions of TILA. See 15 U.S.C. §§ 1602(w), 1635(e). Moreover, any properly pled claim for rescission would be barred by the statute of limitations. 15 U.S.C. § 1635(f).

Plaintiff's request for declaratory relief under 28 U.S.C. § 2201 is similarly deficient. The declaratory relief he seeks is premised on plaintiff's prevailing on the TILA cause of action and the state law claims. In that all these claims are barred, plaintiff is not entitled to declaratory relief.

Because plaintiff cannot state a claim and any claim would be barred by the statute of limitations, plaintiff demonstrates no likelihood of success on the merits. Plaintiff's motion for a temporary restraining order should therefore be denied.

Accordingly, IT IS HEREBY RECOMMENDED that plaintiff's motion for temporary restraining order be denied.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l). Within ten days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any reply to the objections

/////

/////

/////

3

shall be served and filed within ten days after service of the objections. The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: May 29, 2009.

_____
U.S. MAGISTRATE JUDGE

006
ahmad.tro