IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

NAEEM AHMAD,

       Plaintiff,                    No. CIV S-09-520 GEB KJM PS

   vs.

WORLD SAVINGS BANK, et al.,

       Defendants.           FINDINGS AND RECOMMENDATIONS

_____/

        Defendants' motion to dismiss came on for hearing before the court on March 17, 2010.  Plaintiff appeared representing himself.  Defendants were represented by Douglas Matsui, appearing telephonically.  Upon review of the documents in support and opposition (including documents filed pursuant to stipulation following the hearing), upon considering the arguments made by plaintiff and defense counsel at hearing, and good cause appearing therefor, THE COURT FINDS AS FOLLOWS:

        In this action, plaintiff asserts claims under the Truth in Lending Act ("TILA"), 15 U.S.C.A. § 1601, et. seq., and other claims under state law.  Plaintiff alleges that defendants failed to comply with the requirements of TILA's implementing regulations, specifically, 12 C.F.R. § 226.17 and 12 C.F.R. § 226.19, by not disclosing clearly and conspicuously the interest

/////

rate upon which the payments listed in his truth-in-lending disclosure statements are based. First Am. Compl. (FAC) ¶¶ 51-52.

Plaintiff borrowed $324,432.00 from World Savings Bank on or about September 24, 2004. The purpose of the purchase money loan was to finance plaintiff's purchase of real property known as 9352 Oreo Ranch Circle, Elk Grove, California 95624.

This action was filed on February 23, 2009. Defendants move to dismiss on the ground that plaintiff's TILA claim is time-barred by the one year limitations period provided under 15 U.S.C. § 1640(e). Defendants also move to dismiss the remaining state law claims.

I. TILA Claim

Any action under § 1640 may be brought in any United States District Court, or in any other court of competent jurisdiction, within one year from the date of the occurrence of the violation. 15 U.S.C. § 1640(e). However, the Ninth Circuit has held that the doctrine of equitable tolling "may, in appropriate circumstances, suspend the limitations period" in § 1640(e). See King v. State of California, 784 F.2d 910 (9th Cir. 1986). In other words, "as a general rule the limitations period starts at the consummation of the transaction." Id. The court, however, "can evaluate specific claims of fraudulent concealment and equitable tolling to determine if the general rule would be unjust or frustrate the purpose of [TILA] and adjust the limitations period accordingly." Id.

"When equitable tolling is at issue, its applicability generally 'depends on matters outside the pleadings, so it is rarely appropriate to grant a 12(b)(6) motion to dismiss (where review is limited to the complaint).'" Huynh v. Chase Manhattan Bank, 465 F.3d 992, 1003-04 (9th Cir. 2006). Nevertheless, when a plaintiff does not alleged any facts showing he could not have discovered the alleged violations through the exercise of due diligence, "dismissal may be appropriate." Curtis v. Option One Mortg. Corp., 2010 WL 599816, at *7 (E.D. Cal.); see also Quiroz v. Countrywide Bank, N.A., 2009 WL 3849909, at *3 (C.D. Cal.).

/////

1     Here, the statute of limitations could be equitably tolled if plaintiff, "despite all
2 due diligence," was "unable to obtain vital information bearing on the existence of his claim."
3 Santa Maria v. Pacific Bell, 202 F.3d 1170, 1178 (9th Cir. 2000). The test is whether "a
4 reasonable plaintiff would not have known of the existence of a possible claim within the
5 limitations period." Id. A proponent of equitable tolling need not show affirmative misconduct
6 on behalf of the opposing party; rather, all one need show is that by the exercise of reasonable
7 diligence, the proponent could not have discovered essential information bearing on the claim.
8 See Socop-Gonzalez v. I.N.S., 272 F.3d 1176, 1184 (9th Cir. 2001).

9     Applying the equitable tolling rule, courts have found a plaintiff's complaint
10 time-barred when the alleged failure to make required disclosures occurs at the time the loan
11 documents are signed, when no evidence is produced to indicate that the mortgage company
12 prevented a plaintiff from discovering this violation, and when it has been more than a year since
13 the consummation of the transaction. Meyer, 342 F.3d at 902. See also Carlos v. Ocwen Loan
14 Servicing, LLC, 2009 WL 1295873, *1 (E.D. Cal.) (because the alleged failure to make the
15 required disclosures occurred on the date plaintiffs signed the loan papers, plaintiffs could have
16 compared those documents to the TILA regulations and therefore equitable tolling did not
17 apply); Adams v. SCME Mortgage Bankers, INC., 2009 WL 1451715, *9 (E.D. Cal.) (plaintiff's
18 claim was dismissed as time-barred where complaint did not state that she was prevented from
19 comparing the alleged absence of required disclosures regarding the cost of her loan with the
20 TILA requirements at the time the loan was signed).

21     Plaintiff asserts in his opposition that defendants failed to provide him with copies
22 of his signed loan documents after closing and that defendants fraudulently concealed the actual
23 rate the payments were based upon in the truth-in-lending disclosure statements. Opp'n at 37:1-
24 4. However, at oral argument, plaintiff conceded that he did not request copies of his loan
25 documents, which he signed on or about September 24, 2004, until February 2009. See also
26 Opp'n at 41:4. Nowhere in his pleadings does plaintiff indicate that he was ever prevented from

obtaining his loan documents from defendants or the title company.  Plaintiff began receiving monthly loan account statements shortly after signing his loan documents, with the first statement dated October 3, 2004.  The loan account statements filed with the court following the hearing show plaintiff's payment options and the current interest rate, and also provide phone numbers to call with questions.  Against this backdrop, plaintiff has made no allegations contravening the conclusion that he had a "reasonable opportunity" to discover the basis of his TILA claim, or that the claim could have been discovered earlier through the exercise of reasonable diligence."  King, 784 F.2d at 915; see also Socop-Gonzales, 272 F.3d at 1184-85.  See Yulaeva v. Greenpoint Mortg. Funding, Inc., 2009 WL 2880393, at *14 (E.D. Cal.).

        Plaintiff's claim in his opposition, that he was first alerted to defendant's alleged fraud scheme on or about September 5, 2008, when he received the notice of trustee's sale, also is an insufficient basis for invoking equitable tolling.  Plaintiff had a reasonable opportunity to discover the kind of fraud or nondisclosures that could form the basis of a TILA claim within the first year after his loan closed.  See FAC ¶ 54, Ex. 7.  Neither in his opposition nor during oral argument on this matter, did plaintiff advance any theory under which he could amend his complaint to overcome the statute of limitations.  The TILA claim should therefore be dismissed.

## II. State Law Claims

        Plaintiff's TILA claim provides the sole basis for federal subject matter jurisdiction.  All of the remaining claims are pendent state law claims.

        While federal courts may exercise supplemental jurisdiction over state-law claims "that are so related to claims in the action within [the court's] original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution," 28 U.S.C. § 1367(a), a court may decline to exercise supplemental jurisdiction where it "has dismissed all claims over which it has original jurisdiction," 28 U.S.C. § 1367(c)(3).  Because plaintiff's TILA claim should be dismissed as time-barred, the court should decline to exercise jurisdiction over the remaining claims in this action.

Accordingly, IT IS HEREBY RECOMMENDED that:

1. Plaintiff's claim under TILA be dismissed.

2. The court decline to exercise supplemental jurisdiction over the pendent state law claims.

3. This action be closed.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any reply to the objections shall be served and filed within fourteen days after service of the objections. The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: May 5, 2010.

_____
U.S. MAGISTRATE JUDGE

6.ber/ahmad.09520.wpd